BALDWIN J. LEE (BAR NO. 187413)
E-Mail: blee@allenmatkins.com
ALEXANDER NESTOR (BAR NO. 202795)
E-Mail: anestor@allenmatkins.com
SEAN K. BLOKS (BAR NO. 345546)
E-Mail: sbloks@allenmatkins.com
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California  94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516

Attorneys for Defendant
USI INSURANCE SERVICES LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USI INSURANCE SERVICES LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANT INSURANCE SERVICES, INC., a corporation; ERIC HARPER, an individual, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) BREACH OF DUTY OF LOYALTY;**<br><br>**(2) AIDING AND ABETTING BREACH OF DUTY OF LOYALTY;**<br><br>**(3) BREACH OF FIDUCIARY DUTY;**<br><br>**(4) AIDING AND ABETTING BREACH OF FIDUCIARY DUTY;**<br><br>**(5) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ADVANTAGE;**<br><br>**(6) UNFAIR COMPETITION (BUSINESS AND PROFESSION CODE SECTION 17200 *et seq*.)**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

Plaintiff USI Insurance Services LLC ("USI") brings this Complaint against Defendants Alliant Insurance Services, Inc. ("Alliant") and Eric Harper ("Harper") (together "Defendants"), as follows:

## INTRODUCTION

1. Alliant is currently engaged in a corporate raid of USI's Irvine office. On January 23, 2023, Harper resigned without prior notice to USI, and seven USI employees who worked closely with him on several important client accounts also informed USI of their resignations without prior notice. Over the course of the next two days, five USI employees (in non-California offices), who worked on some of the same important client accounts as Harper, tendered their resignations without prior notice.

2. These abrupt and coordinated resignations were orchestrated by Alliant as part of a scheme to steal USI's clients before USI could take steps to protect its business interests, including its client relationships and confidential information, and in concert with Harper, who acted contrary to his duties and obligations while still a USI employee. In conjunction with the coordinated resignations, Alliant promptly started contacting USI clients that the resigning employees had serviced at USI in order to induce those clients to terminate their economic relationships with USI and move their business to Alliant. The raid is part of a strategic course of action by Alliant designed and intended wrongfully to steal business from competitors rather than compete through lawful means.

## PARTIES

3. USI is, and at all times herein mentioned was, qualified to do business in the State of California.

4. Defendant Alliant is a corporation registered to do business in California.

5. Defendant Eric Harper has, as set forth further below, engaged in an unlawful scheme of utilizing his position as a USI executive, to compete against and

harm USI while still bound by his duty of loyalty to USI. Defendant Eric Harper has done this in his own interest, seeking to profit by harming USI and by moving USI employees and USI clients to a competitor.

6. Defendant Eric Harper is an individual whom USI is informed and believes, and on that basis alleges, resides in Corona Del Mar, California.

## FEDERAL DIVERSITY JURISDICTION

7. USI is a Delaware limited liability company with its principal place of business in New York.

8. Alliant is a corporation that is incorporated in California with its principal place of business in California.

9. USI is informed and believes, and on that basis alleges, that Eric Harper is a resident of California.

10. The amount in controversy is this case exceeds the jurisdictional minimum, and amounts to millions of dollars.

## GENERAL ALLEGATIONS

11. USI is an insurance brokerage company that provides comprehensive risk management, insurance, and integrated financial solutions to its clients.

12. Defendant Harper served as Executive Vice President and Producer for USI. In his roles, among other things, he managed employees, maintained the USI clients he was entrusted by USI to service, helped bring in new USI clients, and managed vendor relationships. Defendant Harper left this position on January 23, 2023. Defendant Harper has taken a position with Alliant, a competitor of USI.

13. In connection with the position and responsibilities entrusted to Harper, USI placed the utmost trust and confidence in him to promote and insure the well-being of USI's business, including, without limitation, the loyalty and well-being of certain USI clients (the "USI Clients") and employees assigned to his team. USI also provided Harper with critical access to confidential and proprietary contact and strategic information regarding the USI Clients.

14. Prior to, and at the time of Harper's resignation, USI maintained economic relationships with the USI Clients to provide certain customized insurance and risk management services for each USI Client.

15. USI and the USI Clients customarily renewed these economic relationships.

16. Harper knew of these above-described economic relationships existing between USI and the USI Clients because, as part of his employment, he had critical access to and information about the USI Clients.

17. While Harper was still employed by USI, he breached his duty of loyalty and engaged in conduct to disrupt USI's business relationships with the USI Clients, including by taking actions to divert employees and client accounts with which they were entrusted by USI to a competitor and acting on behalf of the competitor and against the interests of USI, and by conspiring and coordinating, including with Alliant, together to carry out such acts.

18. Harper conspired to coordinate his team's departure from USI so as to create disruption in USI's business relationships with the USI Clients, including by leveraging his senior position to act in ways detrimental to USI and to further the interests of competitor Alliant. While Harper was still employed by USI, including holding a senior position, he breached his duty of loyalty and engaged in conduct to disrupt USI's business and operations and its ability to compete by taking various actions to encourage, entice, or influence USI employees to leave their employment.

19. Harper conspired with and was encouraged by Alliant in coordinating the mass departure of his team members, who submitted their immediate resignations following his departure.

20. Over the past several years, Alliant has been coordinating similar raids of competitor insurance brokerages that follow the same pattern of actions as alleged in this Complaint. They follow the same playbook by having employees act contrary to their duty of loyalty, including coordinating *en masse* resignations that disrupt the

competitors' operations in order to unfairly compete for and divert the competitors' clients. As a result, Alliant and the insurance broker employees they have lured have been named as defendants in a number of recent lawsuits around the United States.

21. Harper's breach of the duty of loyalty was designed to, and in fact did, cause substantial injury regarding USI's business and employee relationships.

22. Harper continued to receive significant compensation and benefits from USI during the time he was acting (including by conspiring and coordinating with Alliant) to divert USI's business and employees to a competitor.

23. USI has been damaged, including without limitation in the sum of all salary, other compensation, and employee benefits provided to Harper during the time Harper was engaging in activities to divert business and employees from USI and other activities against USI's interests, and in the loss of employment relationships unlawfully solicited, business relationships and prospective business relationships, and loss of goodwill from Harper's actions.

## FIRST CAUSE OF ACTION

### Breach of Duty of Loyalty

### (Against Eric Harper)

24. USI restates and incorporates by reference Paragraphs 1 through 23 above, as though set forth in full herein.

25. Harper owed his employer USI a duty of loyalty, including regarding the client accounts with which he was entrusted and the employees for which he was responsible. Without limiting the scope of Harper's duty of loyalty, this duty also includes the duties not to solicit, encourage or assist other USI employees to leave USI; not to utilize confidential USI information to aid a competitor or harm USI; not to solicit, encourage or assist the USI Clients to leave USI; and not to use USI resources and assets to benefit the business of a competitor.

///

///

26. For the USI Clients with which Harper was entrusted, as well as regarding USI employees, he acted in preference to his own business interests and in competition to USI's business interests.

27. In performing the aforementioned wrongful acts during his employment inimical to USI's best interests, Harper breached his duty of loyalty to USI.

28. Such breach has proximately caused damage and injury to USI in an amount to conform to proof at time of trial, but in no event less than the jurisdictional minimum of this Court, and at minimum millions of dollars.

29. USI is informed and believes and thereon alleges that while Harper was breaching his duty of loyalty as described herein, he was acting as Alliant's agent within the scope of his agency. Harper's acts or omissions were subject to Alliant's authorization, approval, direction, and/or ratification. Harper was aided and abetted by Alliant in the breach of his duty of loyalty, with whom he conspired to breach his duty of loyalty. Harper took acts in furtherance of that conspiracy for the benefit of all Defendants and to the detriment of USI. For each of these reasons, Alliant and Harper are jointly and severally liable for Harper's breaches and the damages and injuries caused to USI thereby.

30. USI is informed and believes and thereon alleges that Harper acted, as alleged above, with the intent to injure USI in its business and with the intent to appropriate business opportunities for himself. Such acts and omissions were done fraudulently, maliciously, and oppressively, and with wanton disregard of the rights of USI. Accordingly, USI is entitled to recover exemplary and punitive damages in a sum appropriate to punish Harper for his wrongful acts.

///
///
///
///

## SECOND CAUSE OF ACTION

### Aiding and Abetting Breach of Duty of Loyalty

### (Against Alliant)

31. USI restates and incorporates by reference Paragraphs 1 through 30 above, as though set forth in full herein.

32. Harper breached his duty of loyalty owed to USI, as described above. At all relevant times herein, Harper acted on behalf of, and/or at the direction of, Alliant in connection with his breaches of such duty.

33. USI is informed and believes that Alliant knew that Harper was breaching his duty of loyalty owed to USI, and provided substantial assistance and encouragement to Harper by undertaking the herein alleged actions and inactions.

34. USI is informed and believes and thereon alleges that Alliant knew that Harper was going to breach his duty of loyalty and directed, assisted, and encouraged him to breach his duty, and ratified his breach. In the alternative, USI is informed and believes and thereon alleges that Alliant and Harper entered into a joint venture or, also in the alternative, a partnership, or, also in the alternative, a conspiracy, to carry out the acts alleged in this Complaint, and agreed to share in control of and the profits generated by that partnership or joint venture. In addition, while Harper was breaching his duty of loyalty as described herein, he was acting as Alliant's agent within the scope of his agency. Alliant authorized, approved, directed, and/or ratified the acts and omissions of Harper. Alliant also aided and abetted Harper in the breach of his duty of loyalty, and conspired with him to breach his duty of loyalty and took acts in furtherance of those conspiracies for the benefit of Defendants and to the detriment of USI. For each of these reasons, Alliant and Harper are jointly and severally liable for the Harper's breach and the damages and injuries caused to USI thereby.

///

///

35. Alliant's conduct was a substantial factor in harming USI. As a result of Alliant's aiding and abetting Harper's breach of his duty of loyalty, USI has sustained monetary damage and injury in an amount to conform to proof at time of trial, but in no event less than the jurisdictional minimum of this Court, and at minimum millions of dollars.

36. USI is informed and believes and thereon alleges that Alliant acted as alleged above with the intent to injure USI in its business and with the intent to appropriate business opportunities for itself. Such acts and omissions were done fraudulently, maliciously, and oppressively, and with wanton disregard of the rights of USI. Accordingly, USI is entitled to recover exemplary and punitive damages in a sum appropriate to punish Alliant for its wrongful acts.

## THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty

### (Against Eric Harper)

37. USI restates and incorporates by reference Paragraphs 1 through 36 above, as though set forth in full herein.

38. By virtue of the foregoing facts, including Harper's employment at USI, the trust USI placed in Harper, and the confidential relationship between Harper and USI, Harper owed USI fiduciary duties, including duties of loyalty and duties of care. Those fiduciary duties required Harper to act in USI's best interests while employed by USI and while receiving compensation from USI, and to maintain the confidences of USI after leaving USI. Those fiduciary duties also required Harper not to take any action to benefit any competitor of USI while still employed by USI and while receiving compensation from USI. Without limiting the scope of Harper's fiduciary duties, those duties included the duties not to solicit, encourage or assist other USI employees to leave USI; not to utilize confidential USI information to aid a competitor or harm USI; not to solicit, encourage or assist

the USI Clients to leave USI; and not to use USI resources and assets to benefit the business of a competitor.

39. By engaging in the acts and omissions (including the conspiracy) alleged in this Complaint, Harper breached his fiduciary duties to USI, including duties of loyalty and care, by acting contrary to USI's interests, acting in the interests of competitor Alliant, violating his duty of confidentiality, and/or by failing to use due care.

40. Such breaches have proximately caused damage and injury to USI in an amount to conform to proof at time of trial, but in no event less than the jurisdictional minimum of this Court.

41. USI is informed and believes and thereon alleges that while Harper was breaching his duty of loyalty as described herein, he was acting as Alliant's agent within the scope of his agency. Harper's acts or omissions were subject to Alliant's authorization, approval, direction, and/or ratification. Harper was aided and abetted by Alliant in the breach of his duty of loyalty, with whom he conspired to breach his duty of loyalty. Harper took acts in furtherance of that conspiracy for the benefit of all Defendants and to the detriment of USI. For each of these reasons, Alliant and Harper are jointly and severally liable for Harper's breaches and the damages and injuries caused to USI thereby.

42. USI is informed and believes and thereon alleges that Harper acted, as alleged above, with the intent to injure USI in its business and with the intent to appropriate business opportunities for himself. Such acts and omissions were done fraudulently, maliciously, and oppressively, and with wanton disregard of the rights of USI. Accordingly, USI is entitled to recover exemplary and punitive damages in a sum appropriate to punish Harper for his wrongful acts.

///
///
///

# FOURTH CAUSE OF ACTION

## Aiding and Abetting Breach of Fiduciary Duty

### (Against Alliant)

43. USI restates and incorporates by reference Paragraphs 1 through 42 above, as though set forth in full herein.

44. Harper breached his fiduciary duties owed to USI, as described above. At all relevant times herein, Harper acted on behalf of, and/or at the direction of, Alliant in connection with his breach of such duties.

45. USI is informed and believes that Alliant knew that Harper was breaching his fiduciary duties owed to USI, and provided substantial assistance and encouragement to Harper by undertaking the herein alleged actions and inactions.

46. USI is informed and believes and thereon alleges that Alliant knew that Harper was going to breach his duty of loyalty and directed, assisted, and encouraged him to breach his duty, and ratified his breach. In the alternative, USI is informed and believes and thereon alleges that Alliant and Harper entered into a joint venture or, also in the alternative, a partnership, or, also in the alternative, a conspiracy, to carry out the acts alleged in this Complaint, and agreed to share in control of and the profits generated by that partnership or joint venture. In addition, while Harper was breaching his duty of loyalty as described herein, he was acting as Alliant's agent within the scope of his agency. Alliant authorized, approved, directed, and/or ratified the acts and omissions of Harper. Alliant also aided and abetted Harper in his breach of his duty of loyalty, and conspired with him to breach his duty of loyalty and took acts in furtherance of those conspiracies for the benefit of Defendants and to the detriment of USI. For each of these reasons, Alliant and Harper are jointly and severally liable for the Harper's breach and the damages and injuries caused to USI thereby.

///

///

47. Alliant's conduct was a substantial factor in harming USI. As a result of Alliant's aiding and abetting breaches of duties of loyalty, USI has sustained monetary damage and injury in an amount to conform to proof at time of trial, but in no event less than the jurisdictional minimum of this Court, and at minimum millions of dollars.

48. USI is informed and believes and thereon alleges that Alliant acted as alleged above with the intent to injure USI in its business and with the intent to appropriate business opportunities for itself. Such acts and omissions were done fraudulently, maliciously, and oppressively, and with wanton disregard of the rights of USI. Accordingly, USI is entitled to recover exemplary and punitive damages in a sum appropriate to punish Alliant for its wrongful acts.

## FIFTH CAUSE OF ACTION

### Intentional Interference with Prospective Economic Advantage

### (Against All Defendants)

49. USI restates and incorporates by reference Paragraphs 1 through 48 above, as though set forth in full herein.

50. USI entrusted Harper with accounts for which USI had existing economic relationships with the USI Clients relating to providing insurance services. USI also entrusted Harper with valuable economic relationships with USI employees, including employees under the supervision of Harper.

51. Defendants knew of these economic relationships existing between USI and the USI Clients entrusted to Harper as a USI employee. Defendants also knew of USI's economic relationships with its employees under the supervision of Harper.

52. With the assistance and encouragement of Alliant, Harper engaged in the aforementioned conduct to divert the USI Clients to a competitor and to disrupt USI's existing economic relationships with the USI Clients and USI employees, for his own benefit and to the detriment of USI, with the intent to harm USI financially and to induce the USI Clients and USI employees to terminate and/or sever their

relationships with USI. Harper, with the assistance and encouragement of Alliant, cooperated in and benefited from the improper actions by each of Harper to divert USI Clients while Harper was still employed by USI.

53. Defendants knowingly and willfully conspired among themselves to divert USI business and employees while Harper was still employed by USI. Defendants committed the acts alleged herein pursuant to, and in furtherance of the conspiracy, providing cooperation, aid, encouragement and/or ratification of his acts through the end of Harper's employment.

54. As a result of Defendants' conduct, the USI Clients terminated their relationships with USI and transferred their business to a competitor. As a result of Defendants' conduct, USI employees were unlawfully solicited to and did leave USI and join a competitor.

55. As a proximate result of Defendants' conduct (including their conspiracy) and the USI Clients' termination of their business relationships with USI and transfer of business to a competitor, USI has suffered damages and injury in an amount to conform to proof at time of trial, but in no event less than the jurisdictional minimum of this Court.

56. USI is informed and believes and thereon alleges that the aforementioned acts of Defendants were willful, fraudulent, malicious and oppressive, and with wanton disregard of the rights of USI. Accordingly, USI is entitled to recover exemplary and punitive damages in a sum appropriate to punish Defendants for their acts.

## SIXTH CAUSE OF ACTION

**Unfair Competition Pursuant to Business and Professions Code § 17200 *et seq.***

**(Against All Defendants)**

57. USI restates and incorporates by reference Paragraphs 1 through 56 above, although set forth in full herein.

\\\

58. Defendants engaged in the aforementioned wrongful conduct deliberately and willfully to give themselves an unfair advantage in diverting the USI Clients and USI employees to a competitor and with the intent to harm USI financially and to induce the USI Clients and USI employees to terminate and/or sever their economic relationships with USI.

59. Defendants knowingly and willfully conspired among themselves to divert the USI Clients and USI employees while Harper was still employed by USI. Defendants committed the acts alleged herein pursuant to, and in furtherance of the conspiracy, providing cooperation, aid, encouragement and/or ratification of Harper's acts through the end of Harper's employment.

60. As a direct, proximate, and foreseeable result of Defendants' wrongful conduct, as alleged above, USI lost valuable relationships, prospective relationships and goodwill with the USI Clients and USI employees. USI is entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendants as a result of such unfair business acts.

61. Defendants' acts as alleged above are acts of unfair competition within the meaning of Business and Professions Code Section 17200 *et seq*.

WHEREFORE, USI prays for judgment against Defendants, and such other relief as follows:

1. Compensatory and consequential damages;
2. Exemplary and punitive damages;
3. For an accounting of all wrongfully acquired revenues by Defendants;
4. For restitution and/or disgorgement to USI of all sums unlawfully obtained by Defendants as a result of their unfair business practices;
5. For interest on these sums at the legal rate;
6. Costs of suit incurred;
7. Such other and further relief as the Court may deem just and proper.

Dated: January 27, 2023

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
BALDWIN J. LEE
ALEXANDER NESTOR
SEAN K. BLOKS
Attorneys for Defendant
USI INSURANCE SERVICES LLC